ROWLEY CHAPMAN BARNEY & BUNTROCK, LTD.
63 East Main Street, Suite 501
Mesa, Arizona 85201-7436
(480) 833-1113
Fax (480) 833-1114
Attorneys for Defendant
E-mail address:  Strong@azlegal.com
**Brian D. Strong – SBN 013423**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA – PHOENIX**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FREDRIC CRUM,<br><br>　　　　　　Defendant. | Case No.:  CR08-00255-005-PHX-GMS<br><br>DEFENDANT CRUM'S SENTENCING MEMORANDUM and REQUEST FOR A DOWNWARD DEPARTURE FROM THE SENTENCING GUIDELINES<br><br>(Assigned to the Honorable G. Murray Snow) |

　　　　Defendant, Fredric Crum, by and through undersigned counsel, hereby submits his sentencing memorandum and respectfully requests that this Court determine that sufficient factors exist to authorize a significant downward departure from the advisory sentencing guidelines that have been previously set forth in the Presentence Investigation Report.

　　　　When the totality of Defendant Crum's life conduct is considered in light of 18 U.S.C. Section 3553(a), a sentence well below the advisory guidelines is "reasonable" pursuant to Gall v. Unites States, 552 U.S. 38, 49, 128 S.Ct. 586, 596 (2007) and Rita v. United States, 551 U.S. 338, 350-51, 127 S.Ct. 2456, 2465 (2007).

**I.　　The Sentencing Recommendation is only a starting point.**

　　　　Defendant Crum does not object to the statement of facts set forth in the Presentence Investigation Report.  In like manner, how those facts apply to the Sentencing Guidelines is also not at issue.  However, Defendant Crum's lack of criminal sophistication and his commitment to his family and his community are significant Section 3553 factors that are not adequately addressed in

the Presentence Investigation Report. Simultaneous with this Sentencing Memorandum, Defendant Crum has submitted five character letters to assist the Court in drafting an appropriate and individualized sentence.

### A.   The Section 3553(a) factors support a significant downward departure.

The mandate of 18 U.S.C. Section 3553(a) is succinct and straightforward. "The court shall impose a sentence sufficient, but not greater than, necessary." In spite of that brief mandate, application of the specific 3553 factors is commonly the cause of much discussion and dispute. In Defendant Crum's particular case, the following Section 3553 factors advocate for a sentence that is far less than the Guideline calculation.

### 1.   Defendant Crum got caught up in a crime of opportunity.

Defendant Crum is not a devious and criminally sophisticated individual. While he knowingly participated in felonious conduct, Defendant Crum's participation was situational in nature. He did not seek out and pre-plan his criminal activities. Defendant Crum got caught up in a whirlwind of fraudulent conduct that had its origins in the hearts and minds of the various co-defendants. Defendant Crum had no prior training or expertise in the mortgage and real estate fields. In fact, had he not been sought out and offered a job with the co-defendants, more likely than not, Defendant Crum would not be before the Court on this occasion.

### 2.   There is no "need" for a Guideline sentence.

Defendant Crum's personal financial gain from his crimes was far less than the overall financial loss set forth by the Probation Office. As a result, a just punishment does not mandate two plus years in prison. Additionally, Defendant Crum was crime free prior to working with the co-defendants and has remained crime free since his arrest. As a result, a Guideline sentence is not "needed" to deter future illegal conduct or to protect society from Defendant Crum's future behavior. As noted by the Probation Office, and affirmed in the character letter from his current supervisor, Defendant Crum has found, and maintained, gainful employment in a down economy. As such, he has no "need" for educational or vocational training from the Bureau of Prisons.

**3.    A major downward departure would not create a sentencing disparity.**

All the previously mentioned factors articulate the rationale behind a reduced sentence. Defendants with similar characteristics should routinely be given downward departures from the Guidelines. As such, rather than create a sentencing disparity, departing from the Guidelines in Defendant Crum's case, would promote the type of sentencing consistency the Guidelines were intended to create.

4.    **Every month in prison delays another restitution payment.**

Defendant Crum's earning capacity is not great. He is just your average middle class American. He understands that he will be making monthly restitution payments for decades to come. A Guideline sentence will not only postpone the commencement of those payments but will, in effect, place him permanently two years behind from where he could have been in his payments. Given that deterrence and public protection are non-issues in this case, economic restitution demands that monthly payments begin as soon as possible.

**II.    Conclusion.**

In Defendant Crum's case, application of the advisory Guidelines would result in an unduly harsh, unwarranted and not needed punishment. The factors set forth in 18 U.S.C. Section 3553 both permit and encourage the Court to impose a sentence far less than that recommended in the Presentence Investigation Report. As a result, Defendant Crum urges this Court to impose a minimal period of incarceration, followed by several years of supervised release

DATED this <u>16th</u> day of March, 2010.

ROWLEY CHAPMAN BARNEY & BUNTROCK, LTD.

By    */s/ Brian D. Strong*
     Brian D. Strong
     Attorneys for Defendant
     63 E. Main Street, Suite 501
     Mesa, Arizona   85201-7436
     (480) 833-1113

Copy of the foregoing emailed\delivered this <u>16th</u> day of March, 2010 to:

Honorable G. Murray Snow
United States District Court
Sandra Day O'Connor – US Courthouse
401 W. Washington Street, SPC 12
Phoenix, Arizona 85003-2120

Kevin M. Rapp
Assistant US Attorney
40 N. Central, Ste 1200
Phoenix, Arizona 85004-4408
E-Mail:  <u>Kevin.Rapp@usdoj.gov</u>

Greg Clark the attorney for co-defendant Young
E-Mail: <u>gclarkatty@aol.com</u>

Tyrone Mitchell the attorney for co-defendant Crandell
E-Mail: <u>tmitchell@tyronemitchellpc.com</u>

Michael Ryan the attorney for co-defendant Holm
E-Mail: <u>ryan@azcriminaldefenders.com</u>

Mark Berardoni the attorney for co-defendant Leastman
E-Mail:  <u>berardonilaw@yahoo.com</u>

Frederick Petti the attorney for co-defendant Whitman
E-Mail: <u>fpetti@aztriallaw.com</u>

Lisa Miller with the United States Probation Office
E-Mail:  <u>lisa_miller@azd.uscourts.gov</u>

*/s/ Jenni R. Eslinger*
Jenni R. Eslinger
Legal Assistant to Brian D. Strong