1   DENNIS K. BURKE
    United States Attorney
2   District of Arizona

3   Raymond K. Woo
    Arizona State Bar No. 023050
    raymond.woo@usdoj.gov
    Dominic Lanza
4   California State Bar No. 225989
    dominic.lanza@usdoj.gov
5   Assistant U.S. Attorneys
    Two Renaissance Square
    40 N. Central Avenue, Suite 1200
6   Phoenix, Arizona 85004-4408
    Telephone (602) 514-7500

7

                        UNITED STATES DISTRICT COURT
8
                              DISTRICT OF ARIZONA
9

10  United States of America,                       CR-08-0255-PHX-GMS

11                    Plaintiff,                **GOVERNMENT'S ADDENDUM TO
                                                RESTITUTION MEMORANDUM**
12            v.

13  1. Jeffrey Crandell,

14  2. Jake Whitman,

15  4. Erin Leastman,

16  5. Fredric Crum, and

17  6. Tyson Young.

18                    Defendants.

19

20        On April 26, 2010, the United States filed its restitution memorandum (CR 285).  In its

21  memorandum, the government recommended that the Court impose restitution orders against the

22  four defendants who have been convicted and sentenced in this case.  By contrast, the

23  memorandum did not discuss the restitution obligations of the remaining defendant, Tyson

24  Young ("YOUNG"), because YOUNG has not yet been convicted of any offense and, under the

25  terms of his plea agreement (CR 139), he may be entitled to withdraw his guilty plea and obtain

26  dismissal of the charges against him.  *See also* CR 255 (minutes from March 26 hearing,

27  explaining that "[t]he Court withholds any determination on restitution at this point").

28

1          This addendum is intended to address YOUNG's situation.  The government believes the

2   Court should not impose a restitution order against YOUNG at the May 6 hearing and, instead,

3   should postpone consideration of YOUNG's restitution obligations until August 8, 2011, the

4   date of his deferred sentencing hearing.  On that date, if YOUNG has successfully complied with

5   his conditions of supervision, the Court should dismiss the charges against him and decline to

6   order him to pay restitution.  Conversely, if YOUNG has failed to comply, the Court should

7   proceed to convict YOUNG of one count of Conspiracy to Commit Bank Fraud (18 U.S.C. §

8   1349) and, based on that conviction, order him to pay restitution.

9          The government acknowledges that the parties' plea agreement contains a broad

10  restitution clause suggesting the Court could, in fact, order YOUNG to pay restitution at this

11  juncture.  *See* CR 139 at page 7, lines 15-17 ("Defendant specifically agrees to make restitution

12  in the amount to be determined, and to show proof of payment to his supervising pretrial

13  officer.").  Thus, although the restitution statutes generally presuppose the existence of a

14  *conviction* before any defendant may be ordered to pay restitution,[1] the Court likely possesses

15  statutory authority to impose a pre-conviction restitution order here.  *See* 18 U.S.C. § 3663(a)(3)

16  ("The court may also order restitution in any criminal case to the extent agreed to by the parties

17  in a plea agreement.").

18         Nevertheless, undersigned counsel can state that, having conferred with the prosecutor

19  who negotiated and authored YOUNG's plea agreement, it was the government's intention under

20  the agreement to require YOUNG to pay restitution only if he defaulted on his conditions of

21  deferred sentencing.  The wording of the plea agreement on this issue is, admittedly, less than

22  precise and could even be viewed as contradictory in places.  *Compare* CR 139 ¶ 3(a)

23  (identifying seven conditions that YOUNG must follow during period of deferred sentencing,

24

25         [1]   *See* 18 U.S.C. § 3663A(a)(1) ("when sentencing a defendant *convicted* of an
    [enumerated offense], the court shall order, in addition to . . . any other penalty authorized by
26  law, that the defendant make restitution to the victim of the offense") (emphasis added); 18
    U.S.C. § 3663(a)(1)(A) (same).  *See also* U.S.S.G. § 5E1.1(g)(1) (noting that the restitution
27  guideline "applies only to defendants *convicted* of an offense committed on or after November
    1, 1997") (emphasis added).
28

1   none of which has anything to do with paying restitution) *with* CR 139 ¶ 5 (ordering YOUNG

2   to show proof of restitution payments to his supervising pretrial officer).   Under these

3   circumstances, the Court should resolve any ambiguities in YOUNG's favor, decline to order

4   him to pay restitution at this point, and defer final resolution of his restitution obligations until

5   the August 2011 hearing.

6          Respectfully submitted this 29th day of April, 2010.

7                                              DENNIS K. BURKE
                                               United States Attorney
8                                              District of Arizona

9                                              */s Dominic Lanza*

10                                             RAYMOND K. WOO
                                               DOMINIC LANZA
11                                             Assistant U.S. Attorney

12   I hereby certify that on this date, I electronically transmitted the attached document to the
     Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic
13   Filing to the following CM/ECF registrants:  Mark Hawkins; Greg Clark; Brian Strong; Fred
     Petti; Mark Berardoni.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28