**WO**                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 11-1990-PHX-GMS (JRI) |
| Plaintiff, | No. CR 08-0255-PHX-GMS |
| v. | **ORDER** |
| Jeffrey Crandell, | |
| Defendant/Movant. | |

Tanya Crandell, who is the wife of the ostensible movant, Jeffrey Crandell, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Jeffrey Crandell is confined in the Federal Correctional Institution-La Tuna in Anthony, Texas. In an Order filed on November 23, 2011, the Court dismissed the motion with leave for Jeffrey Crandell to file an amended motion within 30 days. (Doc. 3.) On January 11, 2012, the case was dismissed because an amended motion had not been filed by Mr. Crandell and judgment was entered. (Doc. 5, 6.) On January 13, 2012, Mr. Crandell, hereafter Movant, filed an Amended Motion. (Doc. 7.) On January 24, 2012, Movant filed a motion asking the Court to consider his Amended Motion, which the Court construes as a motion to vacate dismissal of the case and entry of judgment. (Doc. 8.) The Court will grant Movant's motion to vacate the January 11, 2012 dismissal and entry of judgment and consider Movant's Amended Motion. However, the Court will summarily dismiss the Amended Motion based on waiver. (Doc. 7.)

**I.     Procedural History**

Pursuant to a plea agreement, Movant pleaded guilty to six counts of bank fraud in

violation of 18 U.S.C. § 1344. The plea agreement contained no agreement as to sentencing and provided that the parties were free to make any recommendations to the Court. (Doc. 264 at 2.) On March 26, 2010, the Court sentenced Movant to a 62-month term of imprisonment followed by five years on supervised release.

In his Amended Motion, Movant asserts one ground for relief for lack of adequate representation by counsel. Movant contends that counsel failed to adequately communicate with him regarding an initial plea offer, in August 2011, and that he accepted a subsequent plea agreement after the Court denied his motion for new counsel shortly before trial because Movant doubted his attorney preparedness for trial.

**Additional Background**

The docket for the criminal case reflects that on Wednesday, November 4, 2009, Movant's attorney filed a motion for an expedited hearing to determine counsel at Movant's request. (Doc. 174.) At that time, Movant's trial was scheduled to commence on Tuesday, November 10, 2009. Because Movant was unavailable for a hearing on Wednesday, hearings were held on Friday, November 6, 2009. A significant portion of one of those hearings was sealed and conducted *ex parte* so that this Court could hear from Movant and his attorney. After a lengthy colloquy, this Court denied Movant's request for new counsel after determining that Movant's counsel had adequately communicated with Movant and that counsel was prepared to proceed to trial. Further, the Court informed Movant, as had counsel previously, that the decision to plead or to go to trial was Movant's.

On Monday, November 9, 2009, Movant pleaded guilty to the six remaining counts before the Court. Movant stated that he was satisfied with the representation of his attorney and, after thorough questioning, the Court found that Movant's guilty plea was voluntarily, knowingly, and intelligently made, including the waiver of the right to appeal or file any collateral motion.

**II. Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving

1 party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

**III.    Waiver**

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4

(declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. **The defendant further waives:** (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case**.

(Doc. 264 at 3) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Id. at 6-7.) Moreover, as described above, after thorough questioning by the Court, the Court accepted Movant's guilty plea a voluntary, knowing, and intelligent, including the waiver of the right to appeal or file any collateral motion.

Movant's assertions in his § 2255 motion all pertain to sentencing and not to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing

issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion. Accordingly,

**IT IS ORDERED:**

(1) Movant's motion asking the Court to consider his Amended Motion, doc. 7, is construed as a motion to vacate dismissal of this case and entry of judgment on January 11, 2012. (Doc. 8.)

(2) Movant's motion to vacate the January 11, 2012 dismissal and entry of judgment in this case, doc. 5 and 6, is **granted**. Dismissal and judgment entered on January 11, 2012 are **vacated**.

(3) Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **denied**. (Doc. 7.)

(4) Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 333 in CR08-0255-PHX-GMS) is **denied** and the civil action opened in connection with the Amended Motion, doc. 7 in CV11-1990-PHX-GMS, is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(5) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 27th day of February, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge